UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| PROFESSIONAL FORECLOSURE CORPORATION OF VIRGINIA, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 1-20-cv-00421-LO-MSN |
| SHAKIRA WARE, et al. | ) ) ) | |
| Defendant. | ) ) ) | |

**REPORT & RECOMMENDATION**

This matter comes before the Court on defendant United States' ("defendant United States") Motion for Default Judgment against Brian Harling (Dkt. No. 11). Having reviewed the record and the pleadings, the undersigned Magistrate Judge recommends entering default judgment against defendant Brian Harling for the reasons that follow.

**I.  Background**

This matter arose in the Circuit Court for Prince William County through a complaint for interpleader on March 17, 2020. (Dkt. 1-1). On April 16, 2020, the United States of America removed this matter to federal court pursuant to 28 U.S.C. § 1441(a). (Dkt. No. 1) at 2. Plaintiff, Professional Foreclosure Corporation of Virginia ("PFC" or "plaintiff"), seeks determination of how to distribute surplus funds resulting from a foreclosure sale.

The proceeds at issue resulted from the sale of a property in Woodbridge, Virginia, that was purchased by defendants Shakira Ware and Brian Harling, a formerly married couple, and recorded in the land records of Prince William County at instrument number 200810290103429. (Dkt. No. 1-1) at 2. Defendants Ware and Harling executed a promissory note for $139,505.00 secured by a

deed of trust. *Id*. Subsequent to the issuance of the note, PFC was appointed as substitute trustee. *Id*. On August 14, 2018, following default, the property was foreclosed upon and sold for $215,000.00. *Id*. After disbursing the proceeds to the primary lienholder, $73,922.10 remains. *Id*. at 3. The Internal Revenue Service ("IRS") is a claimant of these funds due to a federal tax lien recorded in Prince William County against defendant Harling. *Id*. PFC is seeking a determination of whether the facts in this case override the exemption for property held as tenants by the entirety and would allow for disbursement of the surplus funds to the IRS. *Id*. PFC also requests that the remaining funds be paid to the Court pending judicial determination of the proper recipient.

The IRS, as defendant United States of America, answered the Complaint on April 24, 2020. (Dkt. No. 3). Defendant Harling was served by a deputy sheriff from the Stafford County Sheriff's Office on March 27, 2020 at 8:08 a.m. (Dkt. No. 12) at 1-2. On July 22, 2020, defendant Shakira Ware submitted a letter to the court, in response to the complaint, requesting that she be given half of the proceeds and that the other half be applied to her ex-husband's tax lien. (Dkt. No. 5). Defendant Ware disclaims any liability for the tax lien and asserts that she always filed her taxes separately from her ex-husband during the marriage. *Id*. Defendant Harling has not answered or otherwise responded to the Complaint. On July 24, 2020, the United States requested entry of default as to defendant Brian Harling, noting that a responsive pleading was due on April 17, 2020. (Dkt. No. 6). The Clerk of the Court entered default on August 11, 2020. (Dkt. No. 8). The instant motion for default judgment was submitted on September 8, 2020, and then corrected at the request of the Clerk of Court to include a notice of hearing and resubmitted on September 16, 2020. (Dkt. Nos. 10-11).

A hearing was held via Zoom videoconference before the undersigned Magistrate Judge on October 2, 2020 at 10:00 a.m. Counsel for the United States appeared, and no one appeared on behalf of defendant Harling. Defendant Ware failed to appear, but counsel for the United States

represented that Ms. Ware has no objection to the entry of default as to defendant Harling. Defense counsel for the United States represented that she had attempted to contact defendant Harling through two separate phone numbers but received no response. The Court attempted to contact defendant Harling at his last known email address, but the message was returned as undeliverable. Counsel for the United States confirmed that defendant Harling was served and notice of all proceedings have been delivered to the address where he currently resides.

**II.     Jurisdiction, Venue, and Service of Process**

A court must have both subject matter and personal jurisdiction over a defaulting defendant before it can render a default judgment. The Court has subject matter jurisdiction under 28 U.S.C. § 1441(a), as one of the defendants is the United States of America. "Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to the district court of the United States for the district in which the action is pending. 28 U.S.C. § 1441(a). This interpleader action was originally brought in the Circuit Court for Prince William County, Virginia and was properly removed to this Court. (Dkt. No. 1).

This Court has personal jurisdiction over defendants Ware and Harling because they are residents of Virginia. Venue is likewise proper under 28 U.S.C. § 1391(b)(1) because defendants reside within this judicial district. Additionally, all defendants were properly served. Defendant Harling was served by personal service by a Stafford County Deputy Sheriff in accordance with Virginia Code § 8.01-296. (Dkt. No. 4). This method of service is authorized under Virginia law and, therefore, complies with Fed. R. Civ. P. 4(e)(1), (h)(1)(A). Defendant failed to answer within the 21 day timeframe required by Fed. R. Civ. P. 12(a)(1)(A)(i).

### III. Standard

Entry of default by the clerk of the court is proper when "it is made clear by affidavit or otherwise that 'a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend ….'" *Agri-Supply Co. v. Agrisupply.com*, 457 F. Supp. 2d 660, 662 (E.D. Va. 2006) (citing Fed. R. Civ. P. 55(a)). By defaulting, a defendant "admits the plaintiff's well pleaded allegations of fact." *Id*. District courts have held that interpleader defaults are treated as distinct in that the complaint does not need to plead sufficient facts to state a claim for relief. Rather, a defendant's lack of action can be taken as forfeiting a claim to the property in dispute. Memorandum Opinion and Order, Dkt No. 34, *ALG Trustee, LLC v. Lawrence J. Howard, et al.*, 2:19-cv-276-RAJ-LRL (E.D.Va. Nov. 15, 2019) ("the failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the property can be viewed as forfeiting any claim of entitlement that might have been asserted, justifying the entry of default judgment") (citing *Amoco Production Co. v. Aspen Group*, 59 F. Supp. 2d 1112, 1116 (D. Colo. 1999) (holding that Fed. R. Civ. Pro. 55 should be applicable to interpleader defendants who fail to appear); *Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984) ("if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund"); *Gulf Coast Galvanizing, Inc. v. Steel Sales Co.*, 826 F. Supp. 197, 203 (S.D. Miss. 1993) ("It has been held that 'the failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the *res* can be viewed as forfeiting any claim of entitlement that might have been asserted'")).

### IV. Analysis

Having examined the record, the undersigned Magistrate Judge finds that the evidence of service, supported by plaintiff's Motion for Default Judgment (Dkt. No. 12), establish that defendant Harling has abandoned his claim to the distribution of the foreclosure proceeds. An interpleader party who fails to participate forfeits his or her interest in the disputed property. Memorandum Opinion and Order, Dkt No. 34, *ALG Trustee, LLC v. Lawrence J. Howard, et al.*,

2:19-cv-276-RAJ-LRL (E.D.Va. Nov. 15, 2019). Defendant Harling was properly served with the interpleader complaint and has not submitted an answer or other pleading. Accordingly, defendant United States is entitled to an entry of default as to defendant Harling.

### V.     Recommendation

For the foregoing reasons, the undersigned recommends granting the motion for default judgment as to defendant Brian Harling.

### VI.    Notice

By means of the Court's electronic filing system and by mailing a copy of this Report and Recommendation to defendant Brian Harling at their address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of this Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

October 8, 2020
Alexandria, Virginia